## SAMPSON V. HUNT.

Issues put to the court are to be answered explicitly.

And a decree in chancery must find the facts which warrant the decree.

ERROR to reverse a decree of the County Court upon a petition in chancery, brought by Hunt v. Sampson; showing, that in March, A. D. 1786, he bought a right of land of said Sampson, lying in Waybridge, in the state of Vermont, laid out in the right of D. Chapman, at the price of £30 lawful money; that he paid £4 in cash, and gave his note for £26; that said Sampson at the time of said bargain and sale of said right, to induce the petitioner to buy the same, declared and affirmed that he had a good title to said right, upon which the petitioner relied and bought said right, accepted a deed of it, and paid and secured the purchase money as aforesaid; that the affirmation of said Sampson aforesaid, was false; that he had no good title to said right, which said Sampson well knew, whereby the petitioner was deceived and defrauded; that said Sampson had become bankrupt, and removed out of the state; that judgment and execution had been recovered on said note, the execution levied on estate and a receipt taken and put in suit: Praying that said note might be decreed to be void, or delivered up; and all proceedings thereon set aside.

Plea in abatement — That the property of said note was in Wheeler to whom it had been sold and assigned for a valuable consideration, who was pursuing his remedy at law to recover

the money due on said note; and that he had not been cited or notified of this petition. 2d. That the petition did not contain sufficient grounds for relief in chancery; that Hunt sued Sampson on his covenants in said deed, in September A. D. 1788; that the parties came together and settled said action, and said Sampson gave his note to said Hunt for a large sum; that . Benton in A. D. 1787, offered said Hunt to take his bargain and risk, for $2; which he refused.

Judgment of the County Court on this plea was — That the respondent had not proved the facts alleged in said plea; and that such parts of said plea as did not depend on proof, were insufficient in the law; and upon a hearing on the merits, the County Court found that all the material facts alleged in said petition were true; and decreed that a perpetual injunction be laid upon all proceedings on said note, the judgment, execution, and the action upon the receipt taken by the officer.

Errors assigned — 1st. That said court mistook the law, in their judgment on the pleas in abatement. 2d. Said court mistook the law in their decree on the merits, both in point of substance and form; that it affected the parties to the suit on the receipt, who were not before the court, and deprived the plaintiff in that suit of his legal right to recover, what he was accountable for at all events, either to the creditor or the debtor for the goods taken on the execution.

Judgment — Manifest error, in the whole of the proceedings complained of, and affirmed in the Supreme Court of Errors in June, A. D. 1794.